# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No: 02 C 3310 |
| PETER ROGAN, ) | Judge John W. Darrah |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the United States of America ("the Government"), filed suit against the Defendant, Peter Rogan, for allegedly falsifying annual reports submitted to Medicare between 1995 and 2000. Now before the Court is the Government's Motion for a Protective Order and Motion to Quash the Deposition Notice Issued to Assistant United States Attorney Jacqueline Stern.

## BACKGROUND

The Government has filed a civil complaint against Defendant following a related criminal investigation of Defendant and others at Edgewater Hospital and Medical Center that led to a number of guilty pleas, not including Defendant. In this case, the Government contends that Defendant created a scheme to defraud Medicare and Medicaid by generating hospital admissions based on illegal kickbacks and performing unnecessary medical procedures.

In support of its civil case against Defendant, the Government relies on information obtained from the related criminal investigation, including guilty pleas by physicians and an administrator. The Government disclosed to Defendant evidence from the criminal investigation,

including the grand jury transcripts, FBI reports, and undercover surveillance tapes that constitute the Government's evidence against Defendant.

Thereafter, Defendant deposed, without objection by the Government, FBI Special Agent Sherri Coon. Agent Coon testified that AUSA Stern, who supervised the investigation, possessed the knowledge used in the preparation of grand jury statements that formed the basis of the guilty pleas in the criminal case by persons now listed as witnesses by the Government. Defendant deposed one of these persons, who could not answer questions regarding the formulation of the grand jury statement.

Defendant now seeks to depose AUSA Stern concerning her preparation of grand jury statements and guilty pleas for these named witnesses and other areas regarding any bias AUSA Stern may have towards Defendant.

## ANALYSIS

The Government seeks to quash the deposition notice issued to AUSA Stern because: (1) Stern is trial counsel in this matter for the Government; (2) the topics at issue are protected by the work-product privilege; and (3) the topics at issue are protected by the deliberative process privilege. The Government has abandoned its previous position that the deposition notice violates the *Touhy* regulations, pursuant to 5 U.S.C. § 301 and 28 C.F.R. §§ 16.21-29. "The substantive reasons for granting the motion to quash do not have anything to do with the *Touhy* regulations . . . ." (Government's Supplemental Reply at 2). However, the Government contends that the "only impact of the *Touhy* regulations is . . . that the Court cannot compel AUSA Stern to testify in violation of those regulations." (Government's Supplemental Reply at 2).

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Under Rule 26(c), protective orders may be entered limiting discovery to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that a subpoena shall be quashed if it "requires disclosure of privileged or other protected matter and no exception of waiver applies."

AUSA Stern is not trial counsel for the Government in this matter. The Government contends that AUSA Stern is available for consultation. However, the Government concedes that AUSA Stern is "obviously not litigating the civil case here," and Stern has already sworn in an affidavit that she is not a member of the Government's trial team in this case. (Government's Supplemental Reply at 9; Def.'s Surreply, Ex. G ¶ 18). As such, determining whether AUSA Stern will be deposed will be analyzed under general federal discovery standards. *See Caponigro v. Navistar Int'l Transp. Corp.*, No. 93 C 647, 1994 WL 233772, at *2 (N.D. Ill. May 18, 1994).

The work-product doctrine provides that:

> "a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision b(1) of this rule and prepared in anticipation of litigation or for trial by or for another party . . . only upon a showing that the party seeking discovery has substantial need of the material in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against the disclosure of the mental impression, conclusions, opinions, or legal theories of an attorney . . . concerning the litigation.

Fed. R. Civ. P. 26(b)(3). The doctrine, though, does not prevent Defendant from discovery of the underlying facts of the dispute. *E.g., Jumper v. Yellow Corp.*, 176 F.R.D. 282, 287 (N.D. Ill. 1997). The burden is on the Government to demonstrate that the work-product doctrine is

3

applicable. *Ocean Atl. Dev. Corp. v. Willow Tree Farm, L.L.C.*, No. 01 C 5014, 2002 WL 1968581, at *3 (N.D. Ill. Aug. 23, 2002).

In this case, the Government has failed to demonstrate in any of its briefs concerning this matter that the work-product doctrine is applicable; the Government has made only general references that the disclosures sought by Defendant implicate the doctrine. Moreover, Defendant only seeks to depose AUSA Stern regarding the topics outlined above; these topics involve the underlying factual content from these communications and not AUSA Stern's work-product. Accordingly, the work-product doctrine is not applicable.

The deliberative process privilege covers "documents reflecting advisory opinions, recommendations, and deliberations comprising the part of a process by which governmental decisions and policies are formulated." *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). For the privilege to apply, the evidence at issue must be: (1) predecisional and antecedent to the adoption of an agency policy and (2) related to the process by which policies are formulated. *Enviro Tech Int'l, Inc. v. United States EPA*, 371 F.3d 370, 375 (7th Cir. 2003). The Government has the burden of proving the applicability of the privilege. *Allen v. Chicago Transit Auth.*, 198 F.R.D. 495, 501 (N.D. Ill. 2001). The Government has, as before, only made general references to the applicability of the privilege. Also, the case does not involve any decision by the Government which involves the formulation of agency policy.

Based on the above, the Government's Motion for a Protective Order and Motion to Quash the Deposition Notice Issued to Assistant United States Attorney Jacqueline Stern is denied.

Dated: February 3, 2005

JOHN W. DARRAH
United States District Judge