THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 10 2005
FEB 10 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 3310 |
| | ) | |
| v. | ) | Judge Darrah |
| | ) | |
| PETER ROGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE, ARGUMENT, OR OTHER REFERENCE TO POLYGRAPH TESTING

### INTRODUCTION

The United States respectfully moves this Court *in limine*, pursuant to Federal Rules of Evidence 403 and 702, to exclude from trial of this case any evidence, argument, or other reference to polygraph testing, including defendant's two proposed exhibits pertaining to this subject. This evidence should be excluded because it is unfairly prejudicial and unreliable.

In his exhibit list, defendant Peter Rogan has listed two polygraph reports pertaining to a witness whom the United States intends to call at trial. The United States has objected to the introduction of those exhibits, and files this motion to ensure that neither the exhibits, nor any other evidence concerning polygraph examinations, are admitted at trial.

- 1 -

## ARGUMENT

## THE POLYGRAPH EVIDENCE SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 403 AND 702 BECAUSE IT IS UNRELIABLE AND MORE PREJUDICIAL THAN PROBATIVE

Rule 403 of the Federal Rules of Evidence provides that evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the trier of fact. This Court should exclude any evidence, argument, or other reference to polygraph testing under Fed. R. Evid. 403 due to its well-known unreliability and the extreme likelihood that the introduction of such evidence will cause prejudice. In addition, defendant Rogan has never identified an expert witness qualified under the standards set forth in Fed. R. Evid. 702 to substantiate this evidence.

### A.   Polygraph Evidence Is Known To Be Unreliable

The Supreme Court itself has noted that "there is simply no consensus that polygraph evidence is reliable. To this day, the scientific community remains extremely polarized about the reliability of polygraph techniques." United States v. Scheffer, 523 U.S. 303, 309 (1998).

Though the admissibility of polygraph evidence in the Seventh Circuit is left to the "discretion of the district court," United States v. Robbins, 197 F.3d 829, 844 (7th Cir. 1999), the critical factors to be considered weigh heavily against admission. Those factors include "probative value, prejudicial effect, confusion of the issues, . . . and undue delay." United States v. Olson, 978 F.2d 1472, 1480 (7th Cir. 1992) (affirming district court decision to exclude polygraph evidence); Fed. R. Evid. 403. As the Seventh Circuit held most recently in United States v. Lea, the reliability of polygraph examinations should also be considered as part of the Rule 403 analysis. United States v. Lea, 249 F.3d 632, 640 (7th Cir. 2001) ("we posit that the

factors outlined by the Supreme Court in Daubert remain a useful tool for gauging the reliability of the proffered testimony, as reliability may factor into a 403 balancing test.").

Any evidence, argument, or other reference to polygraph testing should be excluded from trial because of the well-known unreliability of polygraph exams. The reliability of the polygraph exam is an appropriate factor to consider when determining whether to admit the results, because "[a]s the reliability of the evidence decreases, the likelihood increases that the probative value may be substantially outweighed by the prejudicial effect.". Lea, 249 F.3d at 639.

Concerns over reliability have prompted a number of state and federal jurisdictions to eliminate polygraph evidence from trial altogether. Doubts about reliability have led the Fourth, Fifth, and District of Columbia circuits to hold that polygraph evidence is never admissible. See United States v. Sanchez, 118 F.3d 192 (4th Cir. 1997); United States v. Clark, 598 F.2d 994 (5th Cir. 1979); United States v. Skeens, 494 F.2d 1050 (D.C. Cir. 1974). Other circuits only allow the admission of polygraph evidence upon the stipulation of both parties. See, e.g., United States v. Britt, 917 F.2d 353 (8th Cir. 1990). Most state judiciary systems maintain "per se rules excluding polygraph evidence," United States v. Scheffer, 523 U.S. 303, 311 (1998), and the Supreme Court has recently noted that "state and federal courts continue to express doubt over whether such evidence is reliable." Id.

The vast majority of published decisions in the Seventh Circuit regarding admissibility of polygraph evidence feature cases where the district court used its discretion to exclude the material. See, e.g., S.E.C. v. Saul, 1992 WL 3696, 6 (N.D. Ill. 1992) (reversing an earlier decision to admit polygraph evidence "in light of . . . the evident potential for prejudice,

confusion, and waste of time and resources . . . . [T]he Court now finds polygraph evidence inadmissible at trial to bolster or impeach the credibility of defendant"); Lea, 249 F.3d 632; United States v. Dietrich, 854 F.2d 1056 (7th Cir. 1988) (affirming district court decision to exclude polygraph evidence). The scant number of published district court decisions in the Seventh Circuit actually admitting polygraph evidence in a federal proceeding generally deal with either post-trial proceedings, where guilt, innocence, or liability was not subject to determination, United States v. Boyd, 833 F. Supp. 1277, 1298 (N.D. Ill. 1993), or admitted the polygraph solely to show its effect on a party's subsequent actions. United States v. Bauer, 2000 WL 1720245, 8 (N.D. Ill. 2000) (holding that in the narrow circumstance when an "indictment only refers to the polygraph evidence to show its effect on defendant's actions . . . the polygraph evidence is admissible . . . ").

The concern within the judiciary over reliability reflects widespread ambivalence towards polygraph examinations within the scientific community. As the Seventh Circuit recently noted, "the scientific community remains skeptical and has grave doubts about the reliability of polygraph techniques." Veazey v. Communications and Cable of Chicago, Inc., 194 F.3d 850, 855 n.4 (7th Cir. 1999). Dozens of published scientific studies seriously question the reliability of polygraphs exams in general, one of which, as the Seventh Circuit recognized, referred to polygraph exams as no more reliable than "simply flipping a coin." Veazey, 194 F.3d at 856, citing Frank Horvath, The Effect of Selected Variables on Interpretation of Polygraph Records, 62 J. Applied Psychol. 127 (1977). A major study on the reliability of polygraph examinations recently published by the National Research Council found "little basis for the expectation that a polygraph test could have extremely high accuracy." Mark H. Moore (ed.), The Polygraph and

Lie Detection (2003). The United States could present literally dozens of other studies questioning the reliability of polygraph examinations. See, e.g., David Gallai, Polygraph Evidence in Federal Courts: Should it be Admissible, 36 Am. Crim. L. Rev. 87 (1999) (summarizing the current state of scientific research into polygraph reliability, and arguing against the admissibility of such tests).

In sum, the unreliability of polygraph examinations and the strong weight of precedent against admission support the exclusion of such evidence in this case.

### B. Polygraph Evidence Must Be Supported By Expert Testimony and Rogan Cannot Present Such Testimony

Aside from the matter of whether polygraph examinations are generally considered reliable, Rogan is not capable of verifying the reliability of the particular polygraph examinations listed on his exhibit list. The results of polygraph tests, like the results of any other scientific study, require introduction by an expert before they may be admitted in trial. Fed. R. Evid. 702; U.S. v. Lea, 249 F.3d at 637 (affirming a district court decision to exclude polygraph evidence because the administrator of the test "could only speculate as to the accuracy of the polygraph examination he had performed, and could not state whether there were any known statistics on the accuracy rate of the methodology employed").

The Seventh Circuit in particular has been clear that polygraph examinations may be subject to the same sorts of analyses that any other evidence under scientific study would undergo when a court determines admissibility. Id. at 640 ("the factors outlined by the Supreme Court in Daubert remain a useful tool for gauging the reliability of the proffered testimony, as reliability may factor into a 403 balancing test"). That analysis includes the gatekeeping test

enunciated in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The expert should be able to testify (1) that the technique can and has been tested; (2) whether the technique has been subjected to peer review; (3) the known or potential error rate of the technique; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has gained general acceptance in the scientific community. Id. at 593-95. Though a full Daubert analysis is not necessary under Seventh Circuit case law, these factors "remain a useful tool for gauging the reliability [of polygraph exams]." Lea, 249 F.3d at 640.

Rogan's exhibit list does not include a single expert witness, much less one qualified to comment on the reliability of the listed polygraph examinations. He has listed neither the administrators of the examinations, nor any individual who would have any understanding of the type of polygraph that was performed, or its understood error rate.[1] This void of evidence cannot be filled because the deadline for listing expert witnesses, and allowing the opposing party adequate time to depose, has long since passed. Rogan will therefore be unable to present any evidence as to whether the polygraph technique has been tested, subject to peer review, or whether it has gained any support of the scientific community. In short, Rogan will not be able to present a single witness qualified to even testify as to the reliability of the exams, much less persuade this Court that, contrary to the vast weight of empirical evidence, these particular polygraph exams can be trusted.

Under these circumstances, any evidence of polygraph exams should not be admitted because the prejudicial effect of the unreliable exams would outweigh whatever slight probative

---

[1] Rogan has listed two FBI agents who participated in the criminal investigation on his witness list. Neither agent, however, is a polygraph expert or administrator, and cannot opine on the reliability of the polygraphs.

value the exams could offer.

## CONCLUSION

For the aforementioned reasons, this Court should exclude from trial of this case any evidence, argument, or other reference to polygraph testing.

                                  Respectfully submitted,

                                  PETER D. KEISLER
                                  Assistant Attorney General

                                  PATRICK J. FITZGERALD
                                  United States Attorney for the
                                  Northern District of Illinois

                                  LINDA WAWZENSKI
                                  Assistant United States Attorney
                                  219 South Dearborn Street
                                  Chicago, IL 60604-1702
                                  Tel: 312 353 1994

Dated:                          *Eileen M. Marutzky*
                                  *for* MICHAEL F. HERTZ
                                  LAURIE A. OBEREMBT
                                  JOHN K. NEAL
                                  MICHAEL J. FRIEDMAN
                                  Attorneys, Department of Justice
                                  Civil Division
                                  Post Office Box 261
                                  Ben Franklin Station
                                  Washington, DC  20044
                                  Tel:  (202) 514-0132
                                  Fax:  (202) 514-0280

                                  Attorneys for United States of America

AFFIDAVIT OF HAND DELIVERY

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

PAULA M. GABRIEL being first duly sworn on oath deposes and says that she is employed in the Office of the United States Attorney for the Northern District of Illinois; that on the 10th day of February 2005, she caused a copy of

1. **UNITED STATES' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE, ARGUMENT, OR OTHER REFERENCE TO POLYGRAPH TESTING.**

to be hand delivered to each of the following named individual(s) on said date at the hour of 3:30 p.m.

Howard M. Pearl, Esq.
Joseph Spiegler, Esq.
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, Illinois 60601

_____
SUBSCRIBED AND SWORN TO before me this 10th day of February 2005

_____
NOTARY PUBLIC

My Commission Expires: 2-13-2008

"OFFICIAL SEAL"
Rose M. Campbell
Notary Public, State of Illinois
My Commission Exp. 02/13/2008