**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER ROGAN, | ) | Case No. 02C 3310 |
| | ) | |
| Defendant. | ) | Judge John W. Darrah |
| | ) | |
| | ) | |

**DEFENDANT'S RENEWED MOTION IN LIMINE
TO DEEM FACTS ADMITTED
(MOTION 5 OF 6)**

Defendant Peter Rogan ("Rogan") respectfully requests that this Court deem admitted all facts contained in his August 10, 2004 submission "Defendant Peter Rogan's First Set of Requests for Admissions and Second Set of Interrogatories to Plaintiff" ("the Requests"). More than thirty days have passed since Rogan submitted the Requests to the Plaintiff United States. The United States failed to reply to the Requests, instead waiting well over a year to seek to withdraw its admissions. However, the United States cannot satisfy the applicable two-part test necessary to withdraw its admissions. Thus, under Federal Rule of Civil Procedure 36(a), the matters are admitted.

**FACTUAL BACKGROUND**

1. Rogan submitted the Requests to the United States on August 10, 2004. The Requests included an interrogatory requesting identification of each fact, document, or witness on which the United States based its denials of admission. (*See* Requests for

1

Admissions, attached as Exhibit A, at 10). Discovery was originally set to close August 10, 2004, but on August 4, 2004, six days before Rogan filed the Requests, the United States moved to extend discovery by ten months. Rogan previously advised the United States that he would agree to a 45-day extension, and the United States recited that representation in its motion to extend discovery. On October 4, 2004, this Court then ordered an extension of discovery until November 19, 2004. More than thirty days have passed since the Requests were submitted. Even counting from October 4, 2004, the date on which the Court ordered discovery extended, well over thirty days have elapsed.

      2.     The United States' failure to respond to the Requests is particularly significant because it did respond to Rogan's deposition notice for Assistant United States Attorney Jaqueline Stern, which Rogan also filed August 10, 2004. Rogan noticed the deposition for September 9, 2004. On September 7, 2004, the United States moved to quash the deposition notice and for a protective order, though the deposition was to take place after August 10, 2004 and before this Court had agreed to extend discovery.

## ARGUMENT

      3.     Under Rule 36, the Requests are deemed admitted because the United States failed to respond within thirty days of service. Rule 36, which governs requests for admission, "allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). The Rule states:

> The matter is admitted unless, within 30 days of service of the request, or within such shorter or longer time as the court may allow, or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves

2

>upon the party requesting admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. P. 36(a). Thus, the party to whom the requests are directed must "take some affirmative action, either by response to the requests or by objecting thereto if any ground he has." *Mangan v. Broderick and Bascom Rope Co.*, 351 F.2d 24, 28 (7th Cir. 1965). By failing to respond or object to such requests, a party automatically admits them. Fed. R. Civ. P. 36(a); *Kasuboski*, 834 F.2d at 1349. "Moreover, the Rule is self-executing, meaning that no court intervention is required for an admission to be established. Instead, unanswered requests for admission are automatically deemed admitted with the passage of the deadline to respond." *Lawson v. Diehl Machines, Inc.*, No. 3:98-CV-194RP, 1999 U.S. Dist. LEXIS 7625, at *8 (N.D. Ind. April 16, 1999).

        4.      Here, the United States failed to take affirmative action in response to the Requests as required by Rule 36. Rogan served the Requests August 10, 2004, and the United States failed to respond within the 30-day time period, despite the fact that it responded promptly to the notice of deposition for Stern, which it received simultaneously. While discovery originally closed August 10, 2004, the United States filed for an extension of discovery August 6, 2004. Rogan agreed to a 45-day extension, and on October 4, 2004, this Court continued discovery for an additional 45 days, or until November 19, 2004. Even counting from the date on which discovery extended, the thirty days allotted for the United States' response have long since passed. Any claim that the Requests were filed too late is belied by the fact the United States responded to Rogan's deposition notice for AUSA Stern, which was served on the same date as the Requests and which sought the deposition after August 10. Moreover, because the United States successfully moved to extend discovery, it cannot now pretend that this Court denied its request by arguing that discovery closed before its thirty-day response period elapsed.

3

5. The United States' Motion to Quash and Defendants' First Set of Requests for Admissions, or Alternatively, Motion for Leave to File Response Out of Time, filed on February 10, 2005, is too little too late. Under Rule 36(b), a party may withdraw or amend its default answers if (1) "the presentation of the merits of the action will be subserved thereby" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b). The United States cannot satisfy either part of the test.

6. The Ninth Circuit held that the first half of the test is satisfied "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The second half of the test is satisfied if the party that obtained the admissions cannot show prejudice relating to "the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (omitting internal quotation marks).

7. Regarding the first part of the test, upholding these admissions will not eliminate all presentation of the merits of the case. The case is set for trial with numerous factual and legal issues in dispute as evidenced by the Pre-Trial Order.

8. The United States also cannot satisfy the second part of the test. If this Court allows the United States to withdraw these admissions, Rogan will suffer real prejudice. "The purpose of Rule 36 is to permit the person obtaining the admission to rely thereon in preparation for trial." *Gardner v. S. Ry. Sys.*, 675 F.2d 949, 954 (7th Cir. 1982); *see Tidwell v. Daley*, No. 00 C 1646, 2001 U.S. Dist. LEXIS 18491, at *3 (N.D. Ill. Nov. 9, 2001) ("[I]f parties

4

. . . cannot depend on the binding effect of admissions obtained under the rule, they cannot safely avoid the time, effort, and expense of preparing proof of the matters of which they have secured admission and the purpose of the rule is frustrated."). Rogan relied on the United States' inaction to conclude that the requests were admitted, and he pursued discovery based on this reliance. Discovery is now closed, and without a Court Order reopening discovery (which is not justified or sought), Rogan will not be able to develop evidence concerning what were settled issues.

9. Finally, even if it determines that the United States can satisfy the two-part test, this Court should exercise its discretion to deny a motion to withdraw admissions. *Banos v. City of Chicago*, No. 98 C 7629, 2004 U.S. Dist. LEXIS 4814, at *8 (N.D. Ill. March 25, 2004) ("Even if I find that both the merits and prejudice factors favor the party seeking withdrawal, I may refuse to allow withdrawal of an admission."). Here, if the Court allows the United States to withdraw its admissions, not only will Rogan need to gather evidence regarding these issues, but the United States will need to answer the interrogatory that accompanied the Requests. This interrogatory required the United States to "identify the basis for Plaintiff's denial, including, but not limited to, identifying each fact and document that supports your denial and identifying each person who, to your knowledge, information, or belief, has or claims to have knowledge that supports your denial." (*See* Exhibit A, at 10). Granting withdrawal would be tantamount to reopening discovery, which would unnecessarily delay and complicate this proceeding. The United States' failure to respond to Rogan's requests has lead to a harsh result, however "[t]his result . . . is necessary to insure the orderly disposition of cases." *Kasuboski*, 854 F.2d at 1350. In the interests of judicial efficiency and economy, this Court should exercise its discretion to deny any motion to withdraw admissions.

5

## **CONCLUSION**

As set forth above, the United States failed to respond to the Requests within thirty days, and thus the matters are automatically admitted under Rule 36(a). Additionally, the United States' motion to withdraw admissions should be denied because the United States cannot satisfy the two-part merits and prejudice test. Allowing withdrawal would require a reopening of discovery and unnecessarily delay the proceedings. Therefore, Defendant Peter Rogan respectfully requests that this Court deem as admitted the matters set forth in Rogan's First Set of Requests for Admissions and Second Set of Interrogatories to Plaintiff.

Dated: March 15, 2006

                         Respectfully submitted,

                         **PETER ROGAN**

               By:         <u>      s/Bryna J. Dahlin      </u>
                               One of his attorneys

                         Neil E. Holmen
                         Joseph A. Spiegler
                         Bryna J. Dahlin
                         Chris J. Stathopoulos
                         WINSTON & STRAWN LLP
                         35 West Wacker Drive
                         Chicago, Illinois 60601
                         (312) 558-5600

**CERTIFICATE OF SERVICE**

I certify that the foregoing Defendant's Motion to Deem Facts Admitted has been served upon the following counsel this 15th day of March, 2006 as indicated below:

Laurie Oberembt (by federal express)
Trial Attorney
Ben Franklin Station
P.O. Box 261
Washington, D.C. 20044

Linda Wawzenski (by messenger)
Assistant United States Attorney
Dirksen Federal Building
219 South Dearborn Street
Chicago, IL 60604

\_\_\_\_\_s/Bryna J. Dahlin_____
Attorney for Peter Rogan