UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PETER ROGAN, ) | Case No. 02C 3310 |
| ) | |
| Defendant. ) | Judge John W. Darrah |
| ) | |
| ) | |

**DEFENDANT'S RENEWED MOTION IN LIMINE
TO EXCLUDE WITNESSES FROM
THE COURTROOM DURING TRIAL
(MOTION 6 OF 6)**

Defendant Peter Rogan ("Rogan") respectfully requests that this Court enter an order, in conformity with Federal Rule of Evidence 615, excluding all witnesses from the courtroom during trial, other than one representative per side. In support thereof, Rogan states as follows:

1. Federal Rule of Evidence 615 provides, in relevant part, that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses[.]" Fed. R. Evid. 615. Pursuant to Rule 615, Rogan requests that this Court sequester all actual and potential witnesses from the courtroom during the trial of this matter and all proceedings related to trial except during the time in which the witness is actually testifying.

2. Rogan invokes Rule 615 to ensure that the witnesses subject to exclusion do not tailor their testimony in light of the testimony of other witnesses. *See* Fed. R. Evid. 615, Advisory Committee Notes ("The efficacy of excluding or sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion.");

*see also* 29 Charles A. Wright & Victor J. Gold, *Federal Practice & Procedure Evidence* § 6242, at 53-54 (1997) ("If permitted to hear the testimony of other witnesses, a witness might tailor his testimony to avoid inconsistencies, avert the thrust of anticipated cross-examination, or undermine the testimony of those other witnesses."). Sequestration is mandatory once the rule has been invoked. *See Sandford v. CBS, Inc.*, 594 F. Supp. 713, 717 (N.D. Ill. 1984).

    3. Rogan requests that each party be allowed one representative to remain in the courtroom throughout the trial regardless of whether that representative is a witness or potential witness. Thus, Rogan requests that the Court sequesters all actual and potential witnesses with the exception of the designated representative for each party.

## **CONCLUSION**

    WHEREFORE, Defendant Peter Rogan respectfully requests that this Court enter an order in conformity with Federal Rule of Evidence 615 excluding all witnesses excepted the parties' designated representatives from the courtroom during the trial of this matter and proceedings related to trial.

Dated: March 15, 2006

                    Respectfully submitted,

                    **PETER ROGAN**

By:        s/Bryna J. Dahlin
                One of His Attorneys

                Neil E. Holmen
                Joseph A. Spiegler
                Bryna J. Dahlin
                Chris J. Stathopoulos
                WINSTON & STRAWN
                35 West Wacker Drive
                Chicago, Illinois 60601
                (312) 558-5600

**CERTIFICATE OF SERVICE**

I certify that the foregoing Defendant's Motion to Exclude Nonexpert Witnesses from the Courtroom During Trial has been served upon the following counsel this 15th day of March, 2006 as indicated below:

Laurie Oberembt (by federal express)
Trial Attorney
Ben Franklin Station
P.O. Box 261
Washington, D.C. 20044

Linda Wawzenski (by messenger)
Assistant United States Attorney
Dirksen Federal Building
219 South Dearborn Street
Chicago, IL 60604

                                                            _____s/Bryna J. Dahlin_____
                                                                       Attorney for Peter Rogan