UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                           )<br>                       Plaintiff,         )<br>                                                           )           Civil Action No.<br>                                                           )           02-C-3310<br>             v.                                           )<br>                                                           )           Judge John W. Darrah<br>PETER ROGAN,                              )<br>                                                           )<br>                       Defendant.      ) | |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE DEFENDANT
PETER ROGAN'S FIRST SET OF REQUESTS FOR ADMISSION,
OR ALTERNATIVELY,
MOTION FOR LEAVE TO FILE RESPONSE BEFORE TRIAL**

The United States respectfully moves the Court *in limine* to exclude defendant Peter Rogan's First Set of Requests for Admissions (the "Requests for Admission") or, alternatively, permit the United States to file a response before trial. The Requests for Admission were served on the very last day of the discovery period, and were therefore improper under this Court's Standing Order and applicable Seventh Circuit precedent, which establishes that the United States was under no obligation to respond to the improperly served requests.

If, despite the fatal procedural impropriety, the statements presented in Rogan's Requests for Admission are deemed admitted, presentation of this case on the merits will be frustrated and the broader purposes of Federal Rule of Civil Procedure 36(b) will be subverted. Rogan cannot reasonably show any detrimental reliance on the United States' purported admissions. Therefore, the Requests for Admission should either be excluded or the United States should be permitted to file a response before trial.

**FACTS**

On August 4, 2004, the United States sought a ten-month extension of the discovery period. In its motion, the United States noted that, due to protracted settlement discussions that had broken down at the last moment, neither side had taken extensive discovery. The United States argued, among other things, that substantial discovery would promote the ability of the parties to bring summary judgment motions and would likely lead to a narrower and more focused case. Rogan did not file a brief in response at that time, but told counsel for the United States that he opposed the motion to extend discovery by ten months, in part because Rogan needed very little additional discovery.

Late in the day on August 10, 2004 – the last day of the discovery period[1] – Rogan served on the United States his "First Set of Requests for Admissions," attached hereto as Exhibit A. Based on the terms of this Court's Standing Order and the applicable Seventh Circuit precedent, discussed i*nfra*, Rogan's requests were untimely and did not require a response by the United States.

Neither party took any discovery from August 10, 2004 until October 4, 2004, as discovery was closed during that period. Following up on oral representations to the Court and to the United States, Rogan filed a brief on September 19, 2004, opposing the United States' motion to extend the discovery period by ten months. In this brief, Rogan argued that extensive discovery had already been taken in the case, due to the exchange of voluminous material in an earlier criminal case filed against Rogan's management companies. Rogan noted that "there are few, if any, surprises left for trial" and that "all [defendant] needs for trial is to take two

---

[1] Discovery was initially scheduled to close on August 6, 2004, but was extended to August 10 by Order dated July 26, 2004.

depositions already authorized by this court . . . and one deposition, of AUSA Stern, that is in dispute . . . ."  See Defendant's Response to the United States Motion to Extend the Discovery Period, Ex. B, at 2.  Rogan agreed to extend the discovery period by forty-five days to take these three depositions, and made no reference to any other defense-initiated discovery.

On October 4, 2004, the Court re-opened discovery for forty-five days.  Rogan did not serve upon the United States any requests for admission at that time, nor did he notify the United States that he (incorrectly) considered his earlier untimely and procedurally improper requests as still operative and outstanding.  Nonetheless, Rogan's trial exhibit list includes the untimely August 10, 2004 Requests for Admission.  For the reasons that follow, the Requests for Admission should be excluded.

## ARGUMENT

**I.** **Rogan's Requests For Admission Should Be Excluded Because They Were Not Timely Served, And The United States Was Not Obligated To Respond.**

Rogan's Requests for Admission were untimely and procedurally improper because they were served on the very last day of the discovery period.  The United States was not obligated to respond, and the Requests for Admission should be excluded from evidence at trial.

The Requests for Admission impermissibly violated the Court's Standing Order because they were untimely served such that a response was not due until thirty days after the discovery closing date.  The Federal Rules of Civil Procedure provide that parties served with requests for admission generally have thirty days to respond.  See Fed. R. Civ. P. 36(a).  This Court's Standing Order requires that all discovery requests be served and scheduled for completion before the close of discovery:

In cases subject to this *Standing Order,* the court will, at an appropriate point, set a

> discovery closing date. Except to the extent specified by the court on motion of either party, discovery must be *completed* before the discovery closing date. <u>Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order.</u>

Local Rule 16.1 (N.D. Ill.) (emphasis added).

Courts in the Seventh Circuit treat requests for admission as discovery devices insofar as the requests are improper and require no response if not served at least thirty days before the discovery closing date. <u>See</u> <u>Coram Health Care Corp. of Ill. v. MCI Worldcom Commc'ns, Inc.</u>, 2001 WL 1467681 (N.D. Ill. 2001) at 3 ("A request for admission is a form of discovery."); <u>Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.</u>, 298 F.3d 600, 606 n.2 (7th Cir. 2002) ("The requests filed here were untimely no matter how they are characterized, and the district court did not abuse its discretion in so finding. We note for future consideration that Rule 29 seems to contemplate that requests for admission are a discovery device."). The Federal Rules of Civil Procedure specifically list requests for admission as a method of discovery. <u>See</u> Fed. R. Civ. P. 26(a)(5) ("Parties may obtain discovery by one or more of the following methods: . . . requests for admission.").

The Seventh Circuit has been absolutely clear that courts are free to disregard and exclude from trial requests for admission that, like Rogan's requests, are untimely and improper. In <u>Blackmore</u>, the Seventh Circuit held that requests for admission served five days before the close of discovery were untimely, and that "the district court was free to disregard them." <u>Blackmore</u>, 298 F.3d at 606. This Court recently found that requests for admission served (like Rogan's) on the discovery cut-off date "violated this [C]ourt's standing order, [and that] defendants were under no obligation to respond . . .". <u>MCI Worldcom</u>, 2001 WL 1467681 (N.D.

Ill. 2001) at 3. See also Gluck v. Ansett Australia, Ltd., 204 F.R.D. 217 (D.D.C. 2001) (holding that requests for admission served "a matter of days" before discovery deadline were untimely, and that no response was required); Fahey v. Creo Products, Inc., 1998 WL 474114 (N.D. Ill. 1998) at 2 (holding that requests for admission served one day before discovery deadline were untimely and did not require a response).

Accordingly, Rogan's Requests for Admission, which were served on the final day of the discovery period, were plainly untimely and the United States was under no obligation to respond.

This fatal defect was not in any way cured when discovery was briefly reopened two months later. Rogan did not serve any requests for admission when discovery was reopened. Nor did he notify the United States that he (incorrectly) considered the earlier untimely and improper requests to be operative. Instead, Rogan remained silent as to his Requests for Admission, only informing the United States six months after improper service that he considers the items to be deemed admitted. The Court should not reward Rogan's silence, because admitting the Requests for Admission into evidence would constitute a form of "procedural ambush" that the courts decry. See Marshall v. Sunshine & Leisure, Inc., 496 F. Supp 354, 356 (M.D. Fla. 1980) (court permitted response out of time to request for admission; noted silence of party requesting admission with regard to a response and held that "procedural ambush" would not be rewarded).

## II. Alternatively, The United States Should be Permitted to File a Response Before Trial.

If the Court determines that Rogan's Requests for Admission required a response, the United States asks for leave to file a response before trial. Federal Rule of Civil Procedure 36(b) permits amendment in circumstances, like here, "when the presentation of the merits of the action will be subserved thereby and the party that obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b).

Courts applying this rule typically divide the inquiry into two parts, assessing first whether filing a response out of time (or otherwise amending a party's admission) would assist in resolving the case on its merits, and then turning to whether the party requesting the admission would be prejudiced by a late response. See Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577 (11th Cir. 1988); Decor Grates, Inc. v. Fararo, 1997 WL 399646, at 1 (N.D. Ill. 1997).

Both of these conditions are satisfied here, and the United States is prepared to file a response immediately, if ordered to do so by the Court.

### A. Permission to Respond Before Trial Promotes a Resolution of the Case on its Merits.

Under the first prong of this test, the inquiry focuses on the import of the alleged admissions and their relevance to the substance of the underlying dispute. The broader purpose of Rule 36 is to narrow the issues for trial by eliminating the necessity of proving peripheral or agreed-upon issues. See Decor Grates, 1997 WL 399646 at 2 ("Rule 36 allows parties to narrow the issues to be presented at trial by effectively identifying and eliminating those matters on which the parties agree").

Consistent with this purpose, the Rule is not intended to eliminate the need for trial

through the "admission" of obviously contested facts that are critical to the ultimate issues in the case. See Kosta v. Connolly, 709 F. Supp. 592, 594 (E.D. Pa. 1989) ("we should not employ the rule to establish facts which are obviously in dispute"). Withdrawal or amendment of admissions is permissible under the first prong of the Rule 36(b) test if withdrawal will "facilitate the development of the case in reaching the truth, as in those cases where a party's admissions are inadvertently made." McLanahan v. Aetna Life Ins. Co., 144 F.R.D. 316, 320 (W.D. Va. 1992) (quoting Moore's Federal Practice, para. 36.08 (2nd Ed. 1992)); see also Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1248 (9th Cir. 1981) ("In a proper case . . . such as when an admission has been made inadvertently, Rule 36(b) might well require the district court to permit withdrawal.").

While the United States' purported admissions in this matter hardly amount to a concession that Rogan is not liable, they do involve a number of clearly contested issues that are critical to the core allegations in the case. The United States intends to present evidence that contradicts a substantial number of the statements contained in Rogan's Requests for Admission. If the requests will be admitted into evidence, a response is necessary to ensure that this case proceeds on its merits.

Request No. 51, for example, states that "Rogan's only connection to an alleged scheme to provide kickbacks to doctors and other patient recruiters in exchange for patient referrals is that Rogan approved some physician contracts for services." See Ex. A at para. 51. This is a disputed fact. The United States will produce several witnesses who will testify that Rogan actively directed that kickbacks be paid to physicians in exchange for patient referrals, and that his involvement in the illegal scheme went well beyond merely "approving" particular physician

-7-

contracts. Request No. 21 states that "Rogan did not receive any money, compensation or benefit from (a) Kumar; (b) Rao; (c) Barnabas; or (d) Cubria." This is a disputed fact as well. Evidence at trial will demonstrate that Rogan was the CEO of Edgewater Hospital, as well as the principal of a management company whose financial health was inextricably linked to the financial health of the hospital and its various compensation arrangements.

These disputed facts and others contained in Rogan's Requests for Admission are relevant to the key allegation in this case – that Rogan directed a scheme to defraud the federal government through the payment of kickbacks to generate hospital admissions and revenue. If the above facts are deemed admitted, it will frustrate the ability of the court to hear a presentation of these facts and resolve this case on the merits. This result would be inconsistent with both the purposes of Rule 36 and the interests of justice. See Bell & Howell Acceptance Corp. v Sellers Sales & Serv. Inc., 1992 WL 18872 (N.D. Ill. 1992) at 4 (permitting withdrawal of default admissions when admitting them "would result in a windfall victory for [the party that obtained the admission] in a case in which the matters at issue were never properly addressed.").

### B. Rogan Cannot Demonstrate that He Will Suffer Prejudice if a Response is Permitted Now.

The second prong of the Rule 36(b) test requires the party that purportedly obtained the admissions to demonstrate that it would suffer prejudice if the admissions were amended or withdrawn. Prejudice in this context does not simply mean "that the party that obtained the admission will now have to convince the fact finder of its truth." Brook Vill. North Assoc. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982). Rather, the party that obtained the admission must show that it will face substantial difficulty in proving or defending its case because of the sudden need to obtain evidence previously admitted. See Gutting v. Falstaff Brewing Co., 710

F.2d 1309, 1314 (8th Cir. 1983).

Courts have been reluctant to find such detrimental reliance where issues key to liability have been "admitted" by default; reliance on such admissions is generally unreasonable. See McLanahan, 144 F.R.D. at 320 ("Courts have recognized that, where a party all but conceded liability through its admission in a contested case, it is unlikely the opposing party could have reasonably relied upon the admission"); Decor Grates, 1997 WL 399646 at 2 ("The opposing party must show a genuine hardship arising from its reliance on such admissions; the court is loath to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure") (quoting Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192, 193 (D. Conn. 1976)).

Rogan will be unable to demonstrate that he will suffer prejudice if a response is permitted now. Rogan's discovery plan was plainly stated long before there was any colorable argument that a response to the requests was due. Defendant represented in his September 19, 2004 opposition to an extension of the discovery period that he had little discovery left to complete. There is no reason to believe that his discovery strategy would have changed in any way had the United States responded to the untimely and improper requests.

Furthermore, Rogan previously informed this Court that, due to the extensive exchange of materials during the criminal discovery process in the case in which Rogan's management companies were indicted, there would be "few, if any, surprises left for trial." See Ex. B at 2. The material obtained through this extensive discovery process, not to mention the guilty pleas of Rogan's co-conspirators and his management company, flatly contradict several of the statements to which the United States has purportedly admitted. Ample case law supports the

-9-

proposition that it is unreasonable for a party to rely on the truth of admissions that concede matters obviously in dispute.  See McLanahan, 144 F.R.D. at 320;  Sellers Sales & Serv., 1992 WL 18872 at 4 (forbidding withdrawal of admissions would result in unjustified "windfall" for plaintiff; no prejudice could attach because the plaintiff was "well aware" that admissions covered disputed issues).  Any reliance on these purported admissions would have been unreasonable in this context, and Rogan should not benefit from any alleged reliance on their truth.

## CONCLUSION

For the forgoing reasons, the United States moves *in limine* to exclude the Requests for Admission, or alternatively, that the United States be permitted to file a response before trial.

                                              Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              PATRICK J. FITZGERALD
                                              United States Attorney for the
                                              Northern District of Illinois

                                              LINDA WAWZENSKI
                                              Assistant United States Attorney
                                              219 South Dearborn Street
                                              Chicago, IL 60604-1702
                                              Tel: 312 353 1994

Dated: March 15, 2006                                     /s/ Linda A. Wawzenski
                                              MICHAEL F. HERTZ
                                              LAURIE A. OBEREMBT
                                              JOHN K. NEAL
                                              MICHAEL J. FRIEDMAN

                                    Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, DC  20044
Tel:  (202) 514-0132
Fax:  (202) 514-0280

Attorneys for United States of America

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

UNITED STATES' MOTION IN LIMINE TO EXCLUDE DEFENDANT PETER ROGAN'S FIRST SET OF REQUESTS FOR ADMISSION, OR ALTERNATIVELY, MOTION FOR LEAVE TO FILE RESPONSE BEFORE TRIAL

was served on March 15, 2006, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

**Neil Holmen, Esq.**
**Joseph Spiegler, Esq.**
**Winston & Strawn**
**35 W. Wacker Drive**
**Chicago, Illinois 60601**

                                                   s/ Linda A. Wawzenski
                                                   LINDA A. WAWZENSKI
                                                   Assistant U.S. Attorney
                                                   219 South Dearborn Street
                                                   Chicago, Illinois 60604
                                                   (312)353-1994