THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETER ROGAN, )<br>)<br>)<br>)<br>Defendant. ) | Civil Action No.<br>02-C-3310<br><br>Judge John W. Darrah |

### UNITED STATES' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE, ARGUMENT, OR OTHER REFERENCE TO POLYGRAPH TESTING

The United States respectfully moves this Court *in limine*, pursuant to Federal Rules of Evidence 403 and 702, to exclude from trial of this case any evidence, argument, or other reference to polygraph testing, including defendant Peter Rogan's two proposed exhibits pertaining to this subject. This evidence should be excluded because it is unfairly prejudicial and unreliable.

In his exhibit list, defendant Rogan listed two polygraph reports pertaining to a witness whom the United States intends to call at trial. The United States objected to the introduction of those exhibits, and files this motion to ensure that neither the exhibits, nor any other evidence concerning polygraph examinations, are admitted at trial.

**ARGUMENT**

The Court should exclude any evidence, argument, or other reference to polygraph testing under Fed. R. Evid. 403 due to its well-known unreliability and the significant likelihood that the introduction of such evidence will cause unfair prejudice. In addition, such evidence cannot be substantiated without expert testimony, and defendant Rogan has never identified an expert witness qualified under the standards set forth in Fed. R. Evid. 702 to substantiate the polygraph evidence.

### A.    Polygraph Evidence Is Known To Be Unreliable And Is Typically Excluded

Any evidence, argument, or other reference to polygraph testing should be excluded from trial because of the well-known unreliability of polygraph exams. The Supreme Court itself has noted that "there is simply no consensus that polygraph evidence is reliable. To this day, the scientific community remains extremely polarized about the reliability of polygraph techniques." United States v. Scheffer, 523 U.S. 303, 309 (1998).

Though the admissibility of polygraph evidence in the Seventh Circuit is left to the "discretion of the district court," United States v. Robbins, 197 F.3d 829, 844 (7th Cir. 1999), the critical factors to be considered weigh heavily against admission. Those factors include "probative value, prejudicial effect, confusion of the issues, . . . and undue delay." United States v. Olson, 978 F.2d 1472, 1480 (7th Cir. 1992) (affirming district court decision to exclude polygraph evidence); Fed. R. Evid. 403. The reliability of the particular polygraph examination should be considered as part of the analysis. United States v. Lea, 249 F.3d 632, 640 (7th Cir. 2001) ("we posit that the factors outlined by the Supreme Court in Daubert remain a useful tool for gauging the reliability of the proffered testimony, as reliability may factor into a 403

- 2 -

balancing test."). As the Seventh Circuit observed, "[a]s the reliability of the evidence decreases, the likelihood increases that the probative value may be substantially outweighed by the prejudicial effect.". United States v. Lea, 249 F.3d 632, 639 (7th Cir. 2001) .

Concerns over reliability have prompted a number of state and federal jurisdictions to eliminate polygraph evidence from trial altogether. Doubts about reliability have led the Fourth, Fifth, and District of Columbia circuits to hold that polygraph evidence is never admissible. See United States v. Sanchez, 118 F.3d 192 (4th Cir. 1997); United States v. Clark, 598 F.2d 994 (5th Cir. 1979); United States v. Skeens, 494 F.2d 1050 (D.C. Cir. 1974). Other circuits only allow the admission of polygraph evidence upon the stipulation of both parties. See, e.g., United States v. Britt, 917 F.2d 353 (8th Cir. 1990). Most state judiciary systems maintain "per se rules excluding polygraph evidence," United States v. Scheffer, 523 U.S. at 311, and the Supreme Court has recently noted that "state and federal courts continue to express doubt over whether such evidence is reliable." Id.

The vast majority of published decisions in the Seventh Circuit regarding admissibility of polygraph evidence feature cases where the district court used its discretion to exclude the material. See, e.g., S.E.C. v. Saul, 1992 WL 3696, 6 (N.D. Ill. 1992) (reversing an earlier decision to admit polygraph evidence "in light of . . . the evident potential for prejudice, confusion, and waste of time and resources . . . . [T]he Court now finds polygraph evidence inadmissible at trial to bolster or impeach the credibility of defendant"); Lea, 249 F.3d 632; United States v. Dietrich, 854 F.2d 1056 (7th Cir. 1988) (affirming district court decision to exclude polygraph evidence). The scant number of published district court decisions in the Seventh Circuit actually admitting polygraph evidence in a federal proceeding generally deal

- 3 -

with either post-trial proceedings, where guilt, innocence, or liability was not subject to determination, United States v. Boyd, 833 F. Supp. 1277, 1298 (N.D. Ill. 1993), or admitted the polygraph solely to show its effect on a party's subsequent actions. United States v. Bauer, 2000 WL 1720245, 8 (N.D. Ill. 2000) (holding that in the narrow circumstance when an "indictment only refers to the polygraph evidence to show its effect on defendant's actions . . . the polygraph evidence is admissible . . . ").

The Court should follow the majority of federal and state judicial decisions and exclude the polygraph evidence because, as the Seventh Circuit recently noted, "the scientific community remains skeptical and has grave doubts about the reliability of polygraph techniques." Veazey v. Commc'ns and Cable of Chicago, Inc., 194 F.3d 850, 855 n.4 (7th Cir. 1999). Dozens of published scientific studies seriously question the reliability of polygraphs exams in general, one of which, as the Seventh Circuit recognized, referred to polygraph exams as no more reliable than "simply flipping a coin." Veazey, 194 F.3d at 856, citing Frank Horvath, The Effect of Selected Variables on Interpretation of Polygraph Records, 62 J. Applied Psychol. 127 (1977). A major study on the reliability of polygraph examinations recently published by the National Research Council found "little basis for the expectation that a polygraph test could have extremely high accuracy." Mark H. Moore (ed.), The Polygraph and Lie Detection (2003).

In sum, the unreliability of polygraph examinations and the strong weight of precedent against admission support the exclusion of such evidence in this case.

### B.  Polygraph Evidence Must Be Supported By Expert Testimony and Rogan Cannot Present Such Testimony

Aside from the general doubts regarding polygraph examinations, Rogan is not capable of verifying the reliability of the particular polygraph examinations listed on his exhibit list.  The results of polygraph tests, like the results of any other scientific study, require introduction by an expert before they may be admitted in trial.  Fed. R. Evid. 702; U.S. v. Lea, 249 F.3d at 637 (affirming a district court decision to exclude polygraph evidence because the administrator of the test "could only speculate as to the accuracy of the polygraph examination he had performed, and could not state whether there were any known statistics on the accuracy rate of the methodology employed").

The Seventh Circuit in particular has been clear that polygraph examinations may be subject to the same sorts of analyses that any other evidence under scientific study undergoes when a court determines admissibility.  Id. at 640.  That analysis includes the gatekeeping test enunciated in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).  The expert should be able to testify (1) that the technique can and has been tested; (2) whether the technique has been subjected to peer review; (3) the known or potential error rate of the technique; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has gained general acceptance in the scientific community.  Id. at 593-95.  Though a full Daubert analysis is not necessary under Seventh Circuit case law (the Court may also examine the evidence under a Rule 403 framework), these factors "remain a useful tool for gauging the reliability [of polygraph exams]."  Lea, 249 F.3d at 640.

Rogan's exhibit list does not include a single expert witness, much less one qualified to comment on the reliability of the listed polygraph examinations.  He has listed neither the

administrators of the examinations, nor any individual who would have any understanding of the type of polygraph that was performed, or its error rate (if known).[1] This void of evidence cannot be filled because the deadline for listing expert witnesses, and allowing the opposing party adequate time to depose, passed over 15 months ago. Rogan cannot present any evidence as to whether the polygraph technique has been tested, subject to peer review, or whether it has gained any support in the scientific community. In short, Rogan will not be able to present a single witness qualified to even testify as to the reliability of the exams, much less persuade this Court that, contrary to the vast weight of empirical evidence, these particular polygraph exams can be trusted.

Under these circumstances, any evidence of polygraph exams should not be admitted because the prejudicial effect of the unreliable exams would outweigh whatever slight probative value the exams could offer.

## **CONCLUSION**

For the aforementioned reasons, this Court should exclude from trial of this case any evidence, argument, or other reference to polygraph testing.

---

[1] Rogan has listed two FBI agents who participated in the criminal investigation of Edgewater Hospital on his witness list. Neither agent, however, is a polygraph expert or administrator, and cannot opine on the reliability of the polygraphs.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        PATRICK J. FITZGERALD
        United States Attorney for the
        Northern District of Illinois

        LINDA WAWZENSKI
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, IL 60604-1702
        Tel: 312 353 1994

Dated: March 15, 2006        /s/ Linda A. Wawzenski
        MICHAEL F. HERTZ
        LAURIE A. OBEREMBT
        JOHN K. NEAL
        MICHAEL J. FRIEDMAN
        Attorneys, Department of Justice
        Civil Division
        Post Office Box 261
        Ben Franklin Station
        Washington, DC  20044
        Tel:  (202) 514-0132
        Fax:  (202) 514-0280

Attorneys for United States of America

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

UNITED STATES' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE, ARGUMENT, OR OTHER REFERENCE TO POLYGRAPH TESTING

was served on March 15, 2006, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

**Neil Holmen, Esq.**
**Joseph Spiegler, Esq.**
**Winston & Strawn**
**35 W. Wacker Drive**
**Chicago, Illinois 60601**

                                                               s/ Linda A. Wawzenski
                                                              LINDA A. WAWZENSKI
                                                              Assistant U.S. Attorney
                                                              219 South Dearborn Street
                                                              Chicago, Illinois 60604
                                                              (312)353-1994