UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PETER G. ROGAN, | ) ) | No. 02 C 3310 |
| Defendant, | ) ) | Judge John W. Darrah |
| v. | ) ) ) | |
| JUDITH K. ROGAN, | ) ) | |
| Citation Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Citation-Respondent Judith K. Rogan's motion to dismiss the United States' petition for relief.

### BACKGROUND

On September 29, 2006, the Court entered a $64.2 million judgment in favor of the United States against Peter Rogan ("Peter"), the husband of Citation-Respondent Judith K. Rogan ("Judith"). The judgment was the result of litigation over a massive Medicare/Medicaid fraud scheme perpetrated by Peter Rogan. Peter fled to Canada shortly after the judgment was entered.

In January 2007, the United States served Judith with a citation to discover assets. On February 1, 2007, Judith appeared through counsel at a meeting with attorneys for the United States and Dexia Credit, another judgment creditor, and agreed to produce documents responsive to the citation. Judith has since produced approximately 8,400 pages of documents in

response to citations issued by the United States and Dexia. On May 9, 2008, the United States filed a petition for relief ("the Petition") against Judith, which is the subject of this motion. The Petition targets two transfers from Peter to Judith: a $4 million transfer made in May 2005 and a $1.5 million transfer made in November 2006.

In August 2007, litigation began in Indiana concerning liens that the judgment creditors had filed against Peter's home in Valparaiso, Indiana. Upon learning that Judith was attempting to sell the Valparaiso property, the United States wrote to Judith, insisting that the proceeds from any sale be applied to the judgment against Peter or placed in escrow, pending adjudication of the issue. Rather than agreeing to escrow, Judith filed suit in Indiana ("Indiana I").[1] Indiana I was dismissed for want of jurisdiction. Judith then filed a second suit ("Indiana II")[2] but agreed to escrow the proceeds of the sale three months into the litigation. In both Indiana suits, Judith claimed that the citations to discover assets were improper. Indiana II was transferred to the Northern District of Illinois and consolidated with a case in which the United States seeks to foreclose its judgment liens against two of Peter's properties held in Judith's name ("the Northern District Foreclosure case").[3] In the Northern District Foreclosure case, Judith filed a counterclaim, again challenging the citations filed by the United States and the other judgment creditors.

---

[1] *Judith Rogan v. United States, et al.*, No. 07 CV 280 (N.D. Ind. filed 8/27/07).

[2] *Judith Rogan v. United States, et al.*, No. 07 CV 403 (removed from Ind. state court to N.D. Ind. filed 11/2/07).

[3] *United States v. Peter Rogan, et al.*, No. 07 CV 6398 (N.D. Ill. filed 11/11/07).

2

## ANALYSIS

In her motion to dismiss the Petition, Judith asserts that the United States has failed to allege a basis for personal jurisdiction over her. Alternatively, Judith asserts that the petition should be dismissed either for lack of appropriate venue or because the citation has lapsed.

Turning to Judith's first argument that personal jurisdiction is lacking, on a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (*Purdue*). When a court rules on such a motion to dismiss on the basis of written submissions, without holding an evidentiary hearing, the plaintiff "'need only make out a *prima facie* case of personal jurisdiction.'" *Purdue*, 338 F.3d at 782 (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

The Petition is made pursuant to § 3304(b)(1)(A) and § 3304(b)(1)(B)(ii) of the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3301 *et seq.* Section 3004(b)(1)(A) of the FDCPA provides for "nationwide enforcement," stating, "any writ, order, judgment, or other process, including a summons and complaint, filed under this chapter may be served in any State." 28 U.S.C. § 3004(b)(1)(A). When a suit is based upon a federal statute providing for nationwide service of process, such as the FDCPA, the relevant inquiry is whether the defendant has minimum contacts with the United States. *See, e.g., Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671-72 (7th Cir. 1987); *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000); *see also Reese Bros., Inc. v. U.S. Postal Service*, 477 F.Supp.2d 31, 40 (D.D.C. 2007) ("the FDCPA's nationwide service of

3

process provision is not contingent upon minimum contacts with the local district."). As a resident of Indiana, Judith has sufficient contacts with the United States to establish personal jurisdiction under the FDCPA.

Judith next asserts that the Petition should be dismissed for lack of appropriate venue. Judith's position has been rejected in both Indiana II and the Northern District Foreclosure case.[4] The court in Indiana II granted the United States' motion to transfer Judith's suit to this District, finding that Illinois provided a better venue for Judith's citation proceeding claim. (Case No. 07 CV 403, Order Dated 4/30/08.) Judge Kennelly, in the Northern District Foreclosure case, rejected Judith's challenge to venue in this District, citing Indiana II. (Case No. 07 C 6398, Order dated 6/23/08.) Furthermore, Judith has waived any venue objection by producing documents in response to the citations. *See American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*, 364 F.3d 884, 887-88 (7th Cir. 2004) (right to challenge venue may be waived by action that implies consent or leads to use of judicial resources).

Finally, Judith argues that the Court lacks jurisdiction because the citations have lapsed. She argues that Illinois Supreme Court Rule 277 provides that a supplemental proceeding authorized by Section 2-1402 of the Code of Civil Procedure, 735 ILCS 5/2-1402, "terminates automatically six months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner." Ill. Sup. Ct. R. 277(f). Six months having elapsed, Judith argues, personal jurisdiction "has lapsed."

---

[4]Judith, without explanation, asserts that Indiana II and the Northern District Foreclosure case are not related to this action. However, in both those cases, Judith sought orders barring the citation proceedings.

4

Her argument fails for a number of reasons. First, Illinois Supreme Court Rule 277 is not jurisdictional. *See Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1228 (7th Cir. 1993) (*Resolution Trust*) (Illinois law requires only substantial compliance with six-month deadline); *National Bank of Albany Park in Chicago v. Newberg*, 7 Ill. App.3d 859, 864-65 (Ill. App. 1972) (court retained jurisdiction beyond six-month deadline set by Rule 277). Thus, the expiration of the six-month period would not destroy personal jurisdiction. Second, Judith has not shown that the six-month period has run. Rule 277 provides that the supplementary proceeding terminates six months from the respondent's first personal appearance. Yet, Judith has not yet personally appeared. Thus, the clock on the six-month period has not yet started. *See Flip Side Productions, Inc. v. Jam Productions, Ltd.*, 1990 WL 186777 (N.D. Ill. 1990) (appearance of citation recipients at deposition started six-month time period under Rule 277). Finally, even if Judith's appearance through counsel and production of documents started the six-month period, Judith's delays in the proceedings estop her from seeking relief under the six-month rule. *See Resolution Trust*, 994 F.2d at 1228 (a party who delays citation proceedings should be estopped from pleading the six-month deadline). Judith's two Indiana suits, seeking to defeat the proceedings, as well as her failure to produce documents, estop her from relying on Rule 277's six-month limit.

For the foregoing reasons, Judith's motion to dismiss the United States' Petition is denied.

The United States, in a supplemental brief opposing Judith's motion to dismiss the Petition, argues for immediate entry of judgment on the Petition. The United States asserts that Judith's motion to dismiss "is not well-grounded in law or fact, and can only be construed as

5

seeking an unwarranted delay in these proceedings." Indeed, Judith has advanced several meritless arguments. Judith's initial argument, contesting personal jurisdiction, centered on the Illinois long arm-statute, which is irrelevant due to nationwide enforcement of the FDCPA provided under § 3004(b)(1)(A), (which Judith failed to mention). In her motion challenging venue, Judith failed to disclose the two recent district court decisions deciding the issue of venue against her. When the United States cited these decisions, Judith falsely claimed that the cases were not related to these proceedings.

The baseless nature of Judith's arguments, as well as her failure to address the merits, suggests that Judith's primary interest is to delay the proceedings on the Petition. This conclusion is bolstered by Judith's argument in her most recent sur-reply that the United States should be required to commence an entirely new case against her to recover the fraudulently transferred funds sought in the Petition. The United States filed the Petition on May 9, 2008. Judith was given until June 30, 2008, nearly two months, to respond. Instead of addressing the merits, she, on the date her response was due, filed the essentially baseless motion to dismiss the Petition. As the United States points out, "proceedings to enforce judgments are meant to be swift, cheap, informal." *Resolution Trust*, 994 F.2d at 1226. The unwarranted procedural arguments raised by Judith strongly suggest an inference that she cannot assert a substantive objection to the Petition. *See Resolution Trust*, 994 F.2d at 1226 (district court did not err in entering judgment on a creditor's post-judgment petition when the citation respondent failed to contest the petition on the merits but, instead, filed meritless procedural motions).

## CONCLUSION

Therefore, Judith's motion to dismiss the United States' Petition is denied. Judgment shall be entered in favor of the United States on the Petition if Judith does not, within ten days of the entry of this order, file an answer in good faith specifically setting out legal and factual grounds to deny the Government's petition for relief. The matter is continued for fourteen days for status.

Dated: November 3, 2008

JOHN W. DARRAH
United States District Court Judge