**EXHIBIT A**



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXIA CREDIT LOCAL, f/k/a Dexia Public Finance Bank and Credit Local de France, ) ) ) Plaintiff, ) ) v. ) ) PETER G. ROGAN, et al. ) ) Defendants. ) | No. 02 C 8288 Judge Matthew F. Kennelly Magistrate Judge Sidney I. Schenkier |

### PRELIMINARY INJUNCTION ORDER DIRECTED TO FREDERICK CUPPY

Plaintiff Dexia Crédit Local ("Dexia"), having filed its Motion And Memorandum In Support Of Its Motion For A Temporary Restraining Order and a Preliminary Injunction Freezing Assets and an Order Turning Over the Assets of Peter G. Rogan, and the Court having considered these motions, declarations, exhibits, and memoranda of law filed in support and in opposition thereof and having considered the testimony and evidence presented at the evidentiary hearing held on September 29 and October 31 2008, and having issued a Memorandum Opinion and Order dated November 10, 2008, IT IS HEREBY ORDERED THAT:

1. **Removal as Trustee.** Frederick Cuppy is hereby removed as trustee of the Children's Trusts. [The Definitions in Section 10 below govern this Order.] On or before December 4, 2008, counsel for Dexia and for the beneficiaries of the Children's Trusts are to jointly file a proposal with the name of a neutral, replacement trustee for the Children's Trusts. If the proposed replacement trustee is appropriate, this Court will issue an order appointing that person as trustee of the Children's Trusts.

2. **Adequate Protection.** The Court hereby restrains funds or assets belonging to Frederick Cuppy and Dynamic Alliance, Inc. collectively totaling $345,000. On or before December 4, 2008, counsel for Dexia and for Frederick Cuppy are to jointly file a status report identifying the specific funds or assets that will be held in accordance with this Order. Pending entry of a court order restraining particular assets in conformity with the terms of this provision, the asset freeze terms of Temporary Restraining Order dated September 4, 2008 remain in effect.

3. **Asset Preservation.** Frederick Cuppy and Dynamic Alliance, Inc. and their officers, agents servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily restrained and enjoined until further order from this Court from:



A. Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any Assets wherever located, inside or outside the United States of America, that are owned, controlled or held by, or for the benefit of, in whole or in part, any of the Rogan Entities, or in the actual or constructive possession of any of the Rogan Entities, including without limitation:

(1) the Peter G. Rogan Irrevocable Trust (EIN: xxxxx8429);

(2) any Assets in the control of or emanating in any way from the Peter G. Rogan Irrevocable Trust;

(3) any Assets in the control of or emanating in any way from any business entity directly or indirectly owned by the Peter G. Rogan Irrevocable Trust including, without limitation, CFMT, Ltd. (EIN: xxxxx4150 or EIN: xxxxx 3611), CFMT of Fla, LLC (EIN: xxxxx 7706), Epyon Holdings, Ltd.;

(4) the RPP Finance Trust;

(5) any Assets in the control of or emanating in any way from the RPP Trust;

(6) any Assets in the control of or emanating in any way from any business entity directly or indirectly owned by the RPP Trust including, without limitation, RPP Finance, Ltd. (EIN: xxxxx 2639);

(7) any trust in the name of any of the Rogan children, including the Children's Trusts.;

(8) any Assets in the control of or emanating in any way from the Children's Trusts;

(9) any Assets in the control of or emanating in any way from any business entity directly or indirectly owned by the Children's Trusts, including without limitation Boulevard Investors Ltd. (EIN: xxxxx 5239) and Boulevard Investors LLC (EIN: xxxxx 3403);

(10) any Assets in the control of or emanating in any way from any business entity directly or indirectly owned by Rogan;

(11) any funds in or emanating in any way from any account at any banking or financial institution directly or indirectly owned by Rogan;

(12) Peter and Judy Rogan's interest in any real property, including without limitation the Wexford Property and the 55 E. Erie property;

(13) any property belonging to Rogan or to which Rogan may be entitled or which may hereafter be acquired by or become due to Rogan, directly or indirectly;

(14) any funds in or emanating in any way from in any Judith Rogan or Judith K. Rogan Revocable Trust account at any financial institution, including DWS Scudder, 1st Valpo, Oceanic Bank (The Bahamas), or HSBC;

(15) any funds in the account(s) of Judy Rogan or the Judith K. Rogan Revocable Trust (EIN: xxxxx 1360) at Ameritrade; and,

(16) any Assets held in any account in the name or for the benefit of the Rogan Entities at any bank or savings and loan institution, or any credit card processing agent, customer

service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, online payment service, IRA custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

    B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name or for the benefit of any of the Rogan Entities, or subject to access by any of the Rogan Entities or under any the control of any of the Rogan Entities, without providing the Dexia and this Court prior notice and an opportunity to inspect the contents in order to determine that they contain no Assets covered by this Section; and

    C. Incurring liens or encumbrances on real property, personal property or other Assets in the name, singly or jointly, of any of the Rogan Entities.

    4. **Repatriation**. Frederick Cuppy and Dynamic Alliance, Inc. shall immediately:

    A. Repatriate to the United States all Assets and all Documents located in foreign countries held, directly or indirectly:

    1. by any of the Rogan Entities;

    2. for the benefit of any of the Rogan Entities; or

    3. under the ownership or control any of the Rogan Entities, including without limitation the Peter G. Rogan Irrevocable Trust, the RPP Finance Trust, the Children's Trusts or any entity in which any of the foregoing holds an ownership interest;

    B. On the same business day as any repatriation under Paragraph A above, notify Dexia and this Court of the name and location of the financial institution or other entity that is the recipient of such Assets or Documents and the corresponding account names or numbers; and

    C. Hold and retain all repatriated Assets and Documents and prevent any transfer, disposition, or dissipation whatsoever of any such Assets.

**Provided, however,** Frederick Cuppy and Dynamic Alliance, Inc. may transfer any repatriated Documents to Dexia as required by this Order.

**Provided further,** that Frederick Cuppy and Dynamic Alliance, Inc. shall provide Dexia access to all records and Documents held by any financial institutions or other business entity within or outside the territorial United States of the Peter G. Rogan Irrevocable Trust, the RPP Finance Trust, the Children's Trusts, and any other domestic or foreign trusts held for the direct or indirect benefit of any of the Rogan Entities. Among other things, Frederick Cuppy and Dynamic Alliance, Inc. shall comply with this portion of this Order by providing the referenced

3

records and Documents and by signing the Consent to Release of Financial Records attached to this Order as Attachment A.

**Provided further,** that Frederick Cuppy and Dynamic Alliance, Inc. shall provide Dexia access to all records and Documents held by any individual pertaining to the Peter G. Rogan Irrevocable Trust, the RPP Finance Trust, the Children's Trusts, and/or any other domestic or foreign trust held for the direct or indirect benefit of any of the Rogan Entities.

**Provided further,** that if within five (5) days following service of this Order, if Frederick Cuppy and Dynamic Alliance, Inc. have not complied with the requirements in Section 4.A, 4.B, and 4.C, Frederick Cuppy and Dynamic Alliance, Inc. shall submit to Dexia and file with this Court a sworn statement setting forth with specificity the reasons why Frederick Cuppy and Dynamic Alliance, Inc. have not complied, including a specific listing of: (a) all Assets and Documents located in foreign countries; (b) the dates and methods by which Frederick Cuppy and Dynamic Alliance, Inc. attempted to repatriate to the United States all Assets and all Documents located in foreign countries, including the persons Respondents attempted to contact (*i.e.*, name, title, company, address, phone number, email address); (c) the reasons why Frederick Cuppy and Dynamic Alliance, Inc. have not complied with the requirements in 4.A, 4.B, and 4.C. In this affidavit, Frederick Cuppy and Dynamic Alliance, Inc. shall certify that they have complied and will continue to comply with Section 4 of this Order and have not and will not in any manner interfere with repatriation.

5.  **Interference with Repatriation.** Frederick Cuppy and Dynamic Alliance, Inc. and their officers, agents servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily enjoined until further notice from this Court from taking any action, directly or indirectly, which may result in the transfer, encumbrance, or dissipation of foreign Assets, or in the hindrance of the repatriation required by Section 4 of this Order, including but not limited to:

A.  Sending any statement, letter, fax, email or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other person that a "duress" event has occurred under the terms of a foreign trust agreement or other agreement with a foreign trustee or other person until such time that all Assets have been fully repatriated pursuant to Section 4 of this Order; and

B.  Notifying any trustee, protector, or other agent of any foreign trust or other related persons of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Section 4 of this Order.

6.  **Preservation and Maintenance of Records and Notice of New Ventures.** Frederick Cuppy and Dynamic Alliance, Inc. and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily enjoined until further notice from this Court from:

4

      A.      Destroying, erasing, mutilating, falsifying, concealing, writing over, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records, including but not limited to, any and all computerized files, storage media (including but not limited to floppy disks, hard drives, CD-ROMs, Zip disks, punch cards, magnetic tape, backup tapes, and computer chips) on which information has been saved (including any and all equipment needed to read any such material), contracts, accounting data, registrations, correspondence, advertisements (including, but not limited to, advertisements placed on the World Wide Web or the Internet or sent via email), FTP logs, Service Access Logs, USENET Newsgroups postings, World Wide Web pages, email messages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other Documents or records of any kind that relate to the business practices, or business or personal finances, of the Rogan Entities;

      B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

      C.      Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing Dexia and this Court with a written statement disclosing:

1. the name of the business entity;

2. the address, telephone number, email address, and Web site address of the business entity;

3. the names of the business entity's officers, directors, principals, managers, and employees;

4. the names and addresses of any persons or entities providing online marketing, advertising, or mailing services for the business entity; and

5. a detailed description of the business entity's intended activities.

      7.    **Distribution of Order.** Frederick Cuppy and Dynamic Alliance, Inc. shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, spouse, and representative of the Frederick Cuppy and Dynamic Alliance, Inc. and any of the Rogan Entities, and shall, within ten (10) days from the date of entry of this Order, provide the Dexia and this Court with a sworn statement that Frederick Cuppy and Dynamic Alliance, Inc. have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order.

      8.    **Expedited Asset Discovery.** The parties are granted leave at any time after service of this Order and pursuant to Federal Rules of Civil Procedure 30(a), 34 & 45 to: (1)

5

take the deposition of any person or entity for the purpose of discovering the nature, status, extent, location or other relevant information relating to Frederick Cuppy and Dynamic Alliance, Inc. Assets and any of the Rogan Entities' Assets and the nature and location of Documents reflecting the business transactions of the Frederick Cuppy and Dynamic Alliance, Inc. and any of the Rogan Entities; and (2) demand the production of Documents from any person or entity relating to the nature, status, extent, and location or other relevant information relating to the Rogan Entities' Assets and the Assets of Frederick Cuppy and Dynamic Alliance, Inc. and the location of Documents reflecting the business transactions of Frederick Cuppy and Dynamic Alliance, Inc. and any of the Rogan Entities. Seventy-two (72) hours notice shall be deemed sufficient for any such deposition and production of Documents from Frederick Cuppy and Dynamic Alliance, Inc. and any of the Rogan Entities and any other person or entity, including but not limited to financial institutions, accountants, stock brokers, and financial planners.

The limitations and conditions set forth in Fed.R.Civ.P. 30(a) (2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure, including those set forth in Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A) or the Local Rules. Additionally, the production of Documents submitted pursuant to this provision shall not in any way waive Dexia's rights to seek the production of additional Documents.

      9.    **Turnover Hearing.** A status hearing is set for January 27, 2009 at 9:30 a.m., at which time the Court will set a hearing date on Dexia's Motion for Turnover insofar as it concerns Cuppy.

      10.    **Retention of Jurisdiction.** This Court shall retain jurisdiction of this matter for all purposes.

      11.    **Definitions.** The definitions that follow govern this Order.

      a.    "**Asset**" or "**Assets**" mean any legal or equitable interest in, right to, or claim to, any real and personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located.

      b.    "**Children's Trusts**" means any trust in the name of any of the Rogan children, including without limitation U.S. and foreign trusts in the names of Robert Cashman Rogan (EIN: xxxxx 8917), Sara Caitlin Rogan (EIN: xxxxx 8913), Brian Peter Rogan (EIN: xxxxx 8918) and foreign trusts in the names of Robert Cashman Rogan (EIN: xxxxx 1861), Sara Caitlin Rogan (EIN: xxxxx 1866), and Brian Peter Rogan (EIN: xxxxx 1292).

      c.    "**Document**" is synonymous in meaning and equal in scope to the usage of the term in. Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, photographs, audio and video recordings, computer records, and other data compilations from which information can be

6

obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of the term.

        d.    **"Rogan Entities"** means Peter Rogan, Judy Rogan, and the individuals and entities under their direct or indirect control, including without limitation those identified in the Statement of Facts at pages 19-24 and in Exhibits 296 and 407 and those entities identified on the following list:

a.    AMTR Services Corp. (BVI)

b.    Bainbridge Mgmt., Inc.
       EIN: xxxxx 5649

c.    Bainbridge Mgmt., L.P.

d.    BFB Inc.

e.    BFB Ltd
       EIN: xxxxx 6145

f.    Boulevard Investors, LLC
       EIN: xxxxx 3403

g.    Boulevard Investors, Ltd.
       EIN: xxxxx 5239

h.    Boulevard Management Inc.
       EIN: xxxxx 9856

i.    Boulevard Management Ltd.
       EIN: xxxxx 8909

j.    Braddock Management, L.P.
       EIN: xxxxx 7189; xxxxx 6221

k.    Brian P. Rogan
       SSN: xxxxx 2473

l.    Brian P. Rogan Trust
       EIN: xxxxx 8918

m.    Brian Peter Rogan Trust (002)
       EIN: xxxxx 1292

n.    Caribe Trustees, Ltd.
       EIN: xxxxx 3087

o.    CFMT Ltd.
       EIN: xxxxx 3611

p.    CFMT of FLA, LLC
       EIN: xxxxx 7706

q.    Commons at Wilmington Island, LLC
       EIN: xxxxx 8944

r.    CST of FLA, LLC
       EIN: xxxxx 9543

s.    DAI, Inc.
       EIN: xxxxx 5711

t.    Decorative Services, Inc.
       EIN: xxxxx 3802

u.    Delta Harbor Plantation

v.    blank

w.    Edgewater Hospital Inc.

x.    Edgewater Foundation

y.    Edgewater Property Company
       EIN: xxxxx 1380

z.    Epyon Holdings Ltd.

| | | | |
|---|---|---|---|
| aa. | Gardens Development LLC<br>EIN: xxxxx 0304 | rr. | Pax-Wit Property Co. |
| bb. | Gardens on Jones LLC<br>EIN: 58-2387382; 58-2390304 | ss. | Peter G. Rogan<br>SSN: xxxxx 2990 |
| cc. | Health Care Management, LLC | tt. | Peter G. Rogan Irrevocable Trust<br>EIN: xxxxx 8429; xxxxx 2833 |
| dd. | Healthco Family Nursing Services, LLC<br>EIN: xxxxx 3509 | uu. | Peter G. Rogan Revocable Trust<br>EIN: xxxxx 8429 |
| ee. | HHC Corporation (BVI) | vv. | PGR Properties Inc.<br>EIN: xxxxx 3556 |
| ff. | Hoover Creek Condo Partners, LLC | ww. | PGR Business<br>EIN: xxxxx 4854 |
| gg. | Hoover Creek Partners, LLC | | |
| hh. | Hoover Creek Plantation Partners, LLC | xx. | Ponce Inlet, LLC |
| ii. | Jones Square | yy. | Posada-Hoover Creek, LLC |
| jj. | JKR Business<br>EIN: xxxxx 2376 | zz. | blank |
| kk. | Judith K. Rogan<br>SSN: xxxxx 9360 | aaa. | PPR GmbH |
| | | bbb. | Premier Center, LLC |
| ll. | Judith K Rogan Revocable Trust<br>EIN: xxxxx 1360 | ccc. | Robert Cashman Rogan<br>SSN: xxxxx 1250 |
| mm. | Judith K Rogan Trust<br>EIN: xxxxx 1360 | ddd. | Robert Cashman Rogan Trust<br>EIN: xxxxx 8917 |
| nn. | Meriken Nominees Ltd Ref 16030 | eee. | Robert Cashman Rogan Trust (002)<br>EIN: xxxxx 1861 |
| oo. | Meriken Nominees Ltd Ref 16100 | | |
| pp. | Oceanic Bank and Trust #1021<br>Oceanic Bank and Trust #4353<br>Oceanic Bank and Trust #4375 | fff. | Rogan Life Insurance Trust |

9

qq.  Palmetto Commons Partners, LLC
     EIN: xxxxx 6191

hhh. RPP Finance Ltd.
     EIN xxxxx 2639

iii. Sara Caitlin Rogan
     SSN: 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

jjj. Sara Caitlin Rogam Trust (sic) or
     Sara Caitlin Rogan Trust
     SSN: xxxxx 1278

kkk. Sara Caitlin Rogan Trust
     EIN: xxxxx 8913

lll. Sara Caitlin Rogan Trust (002)
     EIN: xxxxx 1866

mmm. Seal Wrap Systems, LLC
     EIN: xxxxx 2583

nnn. Sheridan Property Investment
     Properties, LLC
     EIN: xxxxx 4050

ggg. RPP Finance Trust
     EIN: xxxxx 2639

ooo. Side Gardens

ppp. Taylor Row, LLC
     EIN: xxxxx 4582

qqq. T Protection Ltd. (BVI)

rrr. Walnut Hills, LLC
     EIN: xxxxx 5576

sss. blank

ttt. Wilmington Condo Commons, LLC
     EIN: xxxxx 1388

uuu. 410 Montgomery, LLC
     EIN: xxxxx 0590

**SO ORDERED.**

Dated: November 24, 2008

*[signature]*

Honorable Matthew F. Kennelly
United States District Judge

10

## ATTACHMENT A TO PRELIMINARY INJUNCTION ORDER

### Consent to Release of Financial Records

I, _____, of the State of _____ in the United States of America/ Canada, do hereby direct any bank or trust company at which I have a bank account of any kind or at which a corporation or other entity has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all Documents of every nature in your possession or control which relate to the said bank accounts to any attorney of Dexia, and to give evidence relevant thereto, in the matter of the *Dexia v. Rogan*, now pending in the United States District Court for the Northern District of Illinois, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal.

This consent form is being executed pursuant to court order.

Dated: _____, 2008

Signature: _____

Printed full name: _____